

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BERNICE BERMAN and RONALD BERMAN,

    Plaintiffs,

– against –

MAPL ASSOCIATES LLC and THE M/V SEAFARER, *in rem*,

    Defendants.

ORDER

18-cv-163

    Plaintiffs chartered a pleasure boat in 2017. During the trip, Plaintiff Bernice Berman fell on the vessel and injured her ankle. She and her husband sued the owner of the boat and the boat, *in rem*, for negligence and loss of services and society.

    After fact and expert discovery, Defendants moved for summary judgment. *See* Notice Mot., ECF No. 30. Plaintiffs claim that the vessel had design defects which caused the fall and injuries. Defendants respond that the boat's design was appropriate and the fall was a result of Plaintiff Bernice Berman's conduct.

    The parties disagree about whether state or maritime law applies, but it is clear that regardless of what law applies, disputes of fact relevant to breach of duty and causation preclude entry of summary judgment. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *In re Treanor*, 144 F. Supp. 3d 381, 388 (E.D.N.Y. 2015) ("A 'genuine' issue of fact exists only if the 'evidence [presented] is such that a reasonable jury could return a verdict for the nonmoving party.'" (quoting *Giordano v. City of New York*, 274 F.3d 740, 746–47 (2d Cir. 2001)).



1

Defendants' motion for summary judgment is denied. The hearing scheduled for January 13, 2020 is cancelled.

In view of the apparent small amount of damages involved, the parties are urged to settle the case. It is respectfully referred to the magistrate judge for this purpose.

Should there be no settlement, a prompt trial date seems called for. An *in limine* hearing will be conducted on February 26, 2020 at 10:30 a.m. in preparation for trial. The parties are requested to file by January 29, 2020 briefs on the following issues, and any others they believe relevant:

1. The availability of contributory or comparative negligence as a defense;

2. The availability of a claim for loss of services and society;

3. Whether an *in rem* proceeding against the vessel may proceed even though it has a different owner now than at the time of the injury;

4. Whether this case should be tried by a jury; and

5. The typicality of the boat footwear policy described by the parties as applicable at the time of the injury.

Responses, if any, shall be filed by February 12, 2020.

By January 29, 2020, the parties shall file with the court all motions *in limine* on evidentiary issues, witness lists with brief summaries of proposed testimony, exhibit lists, stipulations, and full proposed jury charges and verdict sheets. Any responses shall be filed by February 12, 2020.

SO ORDERED.

*[signature]*

Jack B. Weinstein
Senior United States District Judge

Dated: December 19, 2019
       Brooklyn, New York

3